UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIAN NELLDELL (#401468)

VERSUS                                         CIVIL ACTION

TYREE M. ROSS, ET AL                           NUMBER 10-661-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 1, 2011.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JULIAN NELLDELL (#401468)

VERSUS                                          CIVIL ACTION

TYREE M. ROSS, ET AL                            NUMBER 10-661-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Tyree M. Ross, Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden Burl Cain, Asst. Warden Darrell Vannoy, Lt. Col. Eli Wilson, Maj. Bonnette and an unidentified classification officer.  Plaintiff alleged that Sgt. Ross performed oral sex on him on four separate occasions in 2008, he was issued a false disciplinary report and was denied due process at a disciplinary board hearing, all in violation of his constitutional rights.

For the reasons which follow, the plaintiff's claims be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without prejudice to any state law claim.

**Applicable Law and Analysis**

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions

> under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Plaintiff's claims based on forced oral sex are prescribed**

Plaintiff alleged that on four separate occasions in 2008, he was pressured into allowing Sgt. Ross to perform oral sex on him.

Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915. Section 1915 allows a district court to dismiss an in forma pauperis suit if satisfied that the action is frivolous or

2

malicious.  An in forma pauperis suit is properly dismissed as frivolous if the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law and in fact.  *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986).  A § 1915 dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties.  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state.  *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989);  *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976).  For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year.  Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).

Plaintiff signed his complaint on October 1, 2010, and it was filed on October 4, 2010.  Therefore, any claims plaintiff had against these defendants regarding acts which occurred in 2008 have prescribed.

Nor does the holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affect the conclusion that all claims based on acts which occurred in 2008 are prescribed. In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state. In the instant case, the plaintiff did not file an Administrative Remedy Procedure (ARP) until June 15, 2009.[1] Because the plaintiff alleged that the sexual assaults occurred in 2008, at least 165 days of the one-year limitations period elapsed between December 31, 2008, the last possible date in 2008 that the alleged assault could have occurred, and June 15, 2009, the date the plaintiff filed an ARP complaining about the alleged sexual assaults. The limitations period remained tolled between June 15, 2009, the date the plaintiff filed the ARP and September 30, 2009, the date the ARP was denied at the Second Step of the two step procedure. Between September 30, 2009, and October 1, 2010, the date the plaintiff filed his civil rights complaint, 365 days elapsed. By the time the plaintiff filed his civil rights complaint on October 1, 2010, a minimum of 530 days of the limitations period elapsed.

---

[1] Administrative grievance LSP-2009-2021, record document number 10-2, p. 7.

4

**Plaintiff failed to state a claim based on
issuance of a false disciplinary report**

Plaintiff alleged that on May 9, 2009, he was issued a false disciplinary report for a Rule 30 W violation by Capt. Whitaker and Col. Wilson.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

**Plaintiff failed to state a claim based on denial
of his request for a copy of the investigation report**

Plaintiff alleged that Col. Wilson denied his request for a copy of the investigation report. Plaintiff alleged that information contained in the investigation report is not logical.

Plaintiff does not have a constitutional right to be provided copies of an internal investigation report or that the investigative report reach a conclusion which he considers logical.

5

**Plaintiff failed to state a claim based on denial of due process at his disciplinary board hearing**

Finally, the plaintiff alleged that he was denied due process at a disciplinary board hearing held on May 20, 2009.

In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court held that the Due Process Clause itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Court further held that only those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will invoke the prospect of state-created liberty interests. While *Sandin* made it clear that punishments which impact upon the duration of confinement,[2] or which exceed the sentence in an unexpected manner,[3] may give rise to protection by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. Thus, the plaintiff's sentence to maximum security lock down did not infringe upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

---

[2] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974); *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415 (1987).

[3] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (involuntary administration of psychotropic drugs).

6

**Conclusion**

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without prejudice to any state law claim.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without prejudice to any state law claim.

Baton Rouge, Louisiana, June 1, 2011.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE